UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN MURPHY, as Business Manager and on
behalf of LOCAL 1, OF THE UNITED
ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND
PIPE FITTING INDUSTRY OF THE UNITED
STATES AND CANADA, AFL-CIO; RANDALL
MOORE,

　　　　　　　　Plaintiffs,

　　　- against -

SHOLA OLATOYE in her Official Capacity as
Chair and Chief Executive Officer of the
NEW YORK CITY HOUSING AUTHORITY,
ROBERT LINN in his Official Capacity as Director
of Labor Relations, for the CITY OF NEW YORK,

　　　　　　　　Defendants.
------------------------------------------------------------X

**OPINION & ORDER**

16 Civ. 10012 (PAC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/18

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs John Murphy, the Business Manager of Local 1[1], and Randall Moore, a retired member of Local 1, (collectively, "Plaintiffs"), bring this action against (1) Shola Olatoye, in her official capacity as the Chair and Chief Executive Officer of the New York City Housing Authority (hereinafter "NYCHA"), challenging NYCHA's policy that allegedly deprives Local 1 members of their right to prevailing wage, as set forth in the New York State Constitution and the New York Labor Law § 220; and (2) Robert Linn, in his official capacity as Director of the Office of Labor Relations ("OLR") for the City of New York (hereinafter the "City", and collectively with NYCHA, "Defendants"), for negotiating with Local 1 on behalf of NYCHA in

---

[1] LOCAL 1 is a collective bargaining representative for individuals employed in the titles of Plumber, Plumber's Helper, Plumber Supervisor, Thermostat Repairer and Supervisor Thermostat Repairer ("Plumbers title series") by the City of New York and NYCHA. ECF 1 ("Compl.") ¶8.

1

bad faith in violation of the New York Labor Law § 220. NYCHA and the City each move to dismiss the Complaint. Both motions are **GRANTED**.

## BACKGROUND

In August 2012, Local 1 filed a labor law complaint with the City of New York, claiming that its members were paid less than the prevailing wage, to which they are entitled under the New York State Constitution and the New York Labor Law ("NYLL") §220. Compl. ¶¶23, 36. Subsequently, Local 1 and the City, on behalf of NYCHA, negotiated over wages and benefits for Local 1 members to comply with the prevailing wage requirement. *Id.* ¶¶24, 29, 36, 37. As part of the negotiation, NYCHA agreed, effective April 1, 2016, to pay one-half hour of Compensatory Time[2] for every hour of overtime work, *id.* ¶¶41, 49, in addition to the double time pay. This agreement was memorialized in a Consent Determination dated May 1, 2015. *Id.* ¶43; ECF 18, Ex. A ("CD"). The CD settled "all issues of law and fact raised in the complaint", filed in August 2012, for the period of July 1, 2008 to June 30, 2016. CD at 10; Compl. ¶¶36, 47.

NYCHA implemented the wage and benefit schedule set forth in the CD. Compl. ¶60. Most relevant here, it began paying Compensatory Time for overtime hours. *See id.* ¶76. But it also adhered to an existing policy that restricts the amount of accrued Compensatory Time that Local 1 members could cash in at retirement. *Id.* ¶¶60–66. Specifically, NYCHA has treated Compensatory Time as Annual Leave[3] and credited any paid Compensatory Time to accrued Annual Leave. *Id.* ¶¶63, 64. NYCHA has limited Annual Leave that could be exchanged for money upon retirement to seventy-two days, or 504 hours. *Id.* ¶65. Local 1 claims that its members have been deprived of the "value of the Compensatory Time benefit earned." *Id.* ¶66.

---

[2] Compensatory Time can be used as paid time off in the future or converted into cash at retirement. *Id.* ¶42.
[3] Annual Leave is "time accrued by an employee that may be used for vacation, sickness, personal business and religious observance without deduction from pay." *Id.* ¶62.

2

Plaintiff Moore, who retired from his employment with NYCHA on July 30, 2016, lost 156.5 hours of Compensatory Time, valued at approximately $8,000. *Id.* ¶¶74–81.

On December 29, 2016, Plaintiffs filed this action, challenging NYCHA's policy concerning Compensatory Time. Plaintiffs assert four causes of action against NYCHA: (1) a deprivation of a right to prevailing wage without due process in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 ("Section 1983"); (2) a violation of NYLL §220; (3) a breach of contract; and (4) a diminution of pension benefits. They also assert one cause of action against the City, contending that the City engaged in negotiations with Local 1 in bad faith in violation of NYLL § 220(8)-(d). Defendants now move to dismiss the action.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," and construe the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

## DISCUSSION

The sole basis for the Court's jurisdiction over Local 1's Complaint is the Section 1983 claim against NYCHA. This claim, however, fails as a matter of law for reasons set forth below. Since the federal claim is dismissed, there is no reason to entertain the remaining claims, all of which are solidly rooted in State law.

## I. Section 1983 Claim for Due Process Violation under Fourteenth Amendment

To plead a Section 1983 claim for a deprivation of a property right in violation of the Fourteenth Amendment, Plaintiffs must allege sufficient facts to establish: (1) "a deprivation" of "a property right" protected by the Fourteenth Amendment; and (2) that "the deprivation, if one be found, was visited upon the plaintiff without due process of law." *Greene v. Town of Blooming Grove*, 935 F.2d 507, 510 (2d Cir. 1991).

### i. Plaintiffs Have Failed to Plead Deprivation of Property Right Protected By Fourteenth Amendment

NYCHA treats Compensatory Time as Annual Leave and limits the number of Annual Leave days that can be exchanged for money upon retirement. Compl. ¶¶ 64, 65. Plaintiffs contend that this policy is tantamount to a deprivation of their right to prevailing wage presumably because the forfeiture of Compensatory Time upon retirement reduced the value of Plaintiffs' compensation to a level below the prevailing wage.[4] *See id.* ¶¶ 29, 52, 66.

Plaintiffs are incorrect. Contrary to their contention, Plaintiffs do not have a property right to prevailing wage for the period of July 1, 2008 to June 30, 2016. On May 1, 2015, NYCHA and Local 1 entered into a Consent Determination—a binding contract—in which NYCHA agreed to provide agreed-upon wages and benefits for the period of July 1, 2008 to June 30, 2016, in exchange for Local 1's "compromise and settlement of all issues of law and fact raised in the complaint filed herein pursuant to Labor Law Section 220.8-d," including Plaintiffs' right to prevailing wage for that period. CD at 10; Compl. ¶¶ 35–37, 45, 106.[5] Accordingly, by

---

[4] The City's comparable prevailing wage plan also limits the amount of Compensatory Time that may be paid upon retirement, but the limit is one year (261 work days, or 1,827 hours) rather than seventy-two work days. *See* ECF 18, Ex. B, at 2.

[5] *See also* CD, Ex. A ("GENERAL RELEASE AND WAIVER" executed by Plaintiff Murphy on behalf of Local 1) ("[Local 1], for and in consideration of the wage rates and supplemental benefit package negotiated and agreed upon by the Union and the City of New York as set forth in a collective bargaining agreement for the period beginning July 1, 2008 and terminating June 30, 2016, a copy of which has been made available to the Union,

4

entering into the CD, Plaintiffs have relinquished all of their right to prevailing wage for the relevant period; Plaintiffs cannot claim a deprivation of a right they have already surrendered. Furthermore, the CD provides the sole remedy for any claimed violation, and that remedy is not a Section 1983 action.

Even if Plaintiffs have a property right to prevailing wage, they could not have been deprived of it because NYCHA's policy does not implicate it. NYCHA's policy limits *how and when* a Local 1 member exercises the Compensatory Time. NYCHA's policy, in no way, limits a Local 1 member's right to use the accrued Compensatory Time during employment: a member may claim the full benefit of the prevailing wage, as long as the Compensatory Time is used during employment. It is only when a member attempts to use more than 72 days of Compensatory Time / Annual Leave upon retirement that any issue arises. Accordingly, NYCHA's policy does not restrict or reduce any right to prevailing wage; it only specifies the amount of Compensatory Time which can be collected as money at retirement. Plaintiffs, thus, cannot claim any due process violation for a deprivation of a right to prevailing wage.

Nor could they claim any due process violation for a deprivation of a right to monetize Compensatory Time. This is not a property right actionable under the Fourteenth Amendment. An actionable right must (1) be a property interest conferred by "some source of law other than the Constitution, such as state or federal statute"; and (2) "constitute[] a property interest for

---

hereby voluntarily and knowingly agrees to: 1. *waive, withdraw, relinquish, and refrain* from filing, pursuing or instituting any claim for wages, supplements or other benefits, or any right, remedy, action or proceeding, *which [Local 1] has or may have under Section 220 of the Labor Law*; ... 4. *Release and forever discharge the City of New York* from all manner of actions, cause and causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, cariances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever in law or in equity which *[Local 1], on behalf of employees in the above titles, shall or may have, by reason of any claim for wages or supplemental benefits pursuant to Section 220 of the Labor Law from July 1, 2008 to June 30, 2016* except as expressly agreed upon in writing by the Union and the City for that period.") (Emphases added).

5

purposes of the Fourteenth Amendment." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005). The right to monetize Compensatory Time in excess of 72 days satisfies neither element.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). But there is no provision in the New York State Constitution or NYLL that supports "a legitimate claim of entitlement" to the right to exchange Compensatory Time with money. *Id.* Nor does the CD provide any claim of entitlement to monetizing more than 72 days of Compensatory Time / Annual Leave upon retirement. The July 26, 2016 side letter to the CD makes it clear that, although "[u]nused compensatory time can be cashed out as part of terminal leave," the cash-out must be "consistent with existing policies and procedures" at NYCHA. ECF 18, Ex. B, at 2. Since NYCHA had "existing policies and procedures" limiting the cash-out of Compensatory Time / Annual Leave to 72 days, Compl. ¶ 65, neither the CD nor the July 26, 2016 side letter provides any claim of entitlement to monetizing more than 72 days of Compensatory Time. Such a right without a legitimate claim of entitlement is not protected by the Fourteenth Amendment. *See Bertram v. Metro. Transp. Auth.*, 2014 WL 748933, at *4 (S.D.N.Y. 2014) ("In the absence of a contractual entitlement or established policy, courts have held that there is no constitutionally protected property interest in receiving monetary payments in exchange for accrued leave."; "[T]here is no constitutionally protected property interest in being permitted to use one's accrued leave at a particular time."); *Gendalia v. Gioffre*, 606 F. Supp. 363, 366 (S.D.N.Y. 1985).[6]

---

[6] *See also Skowronek v. Borough of Avonmore*, 2007 WL 2597930, at *2 (W.D. Pa. 2007) ("Even assuming that Plaintiff was contractually entitled to receive payment for accrued leave time, Plaintiff has not demonstrated a constitutionally protected property interest sufficient to support her [] due process claim"); *Danese v. Knox*, 827 F. Supp. 185, 193 (S.D.N.Y. 1993) ("a public employee's right to receive line of duty sick leave under a collective

Plaintiffs attempt to distinguish some of the cited cases asserting that the employment benefits were paid pursuant to an employment contract or employee handbook, whereas here, the Compensatory Time was paid pursuant to the New York State Constitution and NYLL. *See* ECF 22 ("Opp'n Mem") at 15–19. That is not a distinction. The Compensatory Time here was also paid pursuant to a contract—the CD. Compl. ¶59. Although the CD was negotiated under the aegis of the New York State Constitution and NYLL, that does not change the fact that the Compensatory Time was paid specifically pursuant to a provision in the CD.[7] The New York State Constitution and NYLL are simply silent on Compensatory Time.

For these reasons, Plaintiffs have failed to plead any deprivation of a property right protected by the Fourteenth Amendment. Plaintiffs are, in effect, pursuing a "contract dispute … under the guise of a due process violation," which "does not give rise to a cause of action under section 1983." *Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987). The Section 1983 claim fails on this basis alone.

### ii. Plaintiffs Have Failed to Plead Denial of Due Process.

Plaintiffs' due process claim also fails because Plaintiffs have failed to plead that any deprivation of Plaintiffs' right (in particular, Moore's right[8]) "was visited … without due process of law." *Greene*, 935 F.2d at 510. To the extent Plaintiffs' due process claim is based on a substantive due process violation, that claim must fail: a right to employment benefits has not been recognized as a fundamental right. *See Piekutowski v. Twp. of Plains*, 2006 WL 3254536,

---

bargaining agreement is not a 'property right' under the fourteenth amendment"); *Jackson v. Dep't of Public Safety*, 675 F. Supp. 1025 (M.D. La 1987).

[7] *See* CD at 3 ("[E]ffective April 1, 2016, overtime for work in excess of a seven (7) hour day shall further be compensated as a supplemental benefit with compensatory time at the rate of one-half (1/2) hour for each hour worked").

[8] Moore is the only plaintiff that has allegedly suffered any injury.

at *8 (M.D. Pa. 2006) (value of unused sick leave is not property right subject to substantive due process).

Plaintiffs' *procedural* due process claim also fails as well because the availability of *post*-deprivation process, which is undisputed, was constitutionally sufficient to Moore and Local 1 members. Under *Mathews v. Eldridge*, the Court considers three factors in deciding whether any *pre*-deprivation process was due to Moore and Local 1: (1) the importance of the right to monetize Compensatory Time; (2) the risk that the deprivation of that right was erroneous and any probable value of additional or substitute pre-deprivation process; and (3) the burden to NYCHA in providing additional pre-deprivation process. 424 U.S. 319, 335.

Each of the three *Mathew* factors favors NYCHA. First, Moore's interest in a right to monetize Compensatory Time was not significant; his injury was entirely monetary and could have been easily avoided and redressed in post-deprivation proceedings. Second, while it is unclear whether the deprivation of the right was erroneous, what is clear is that a pre-deprivation process would not have added much value; NYCHA would have simply applied its existing policies to reach the same conclusion. Third, the burden to NYCHA for providing a pre-deprivation process, such as a hearing, would have been significant, especially if a large number of Local 1 members would have requested it. Although "the availability of postdeprivation procedures will not, *ipso facto*, satisfy due process" when deprivation occurs pursuant to established state procedures, *see Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996), it was sufficient under the circumstances of this action.

For these reasons, Plaintiffs' Section 1983 claim fails and is dismissed, with prejudice.

## II. Remaining State Law Claims

The Court dismisses remaining State law claims. The Court may decline to exercise supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Here, the Court declines to exercise supplemental jurisdiction over remaining State law claims and dismiss them without prejudice to their renewal in an appropriate State forum. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("*[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain*, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

## CONCLUSION

The NYCHA's and the City's motions to dismiss the Complaint are granted. The Section 1983 claim against NYCHA is dismissed, with prejudice; and remaining State law claims against NYCHA and the City are dismissed, without prejudice, for lack of subject matter jurisdiction.

The Clerk of Court is instructed to close all motions and terminate the action.

Dated: New York, New York
March 6, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge